Caroline S. Kim, SBN 249190
Kim Law Group, P.C
444 West Ocean Blvd., Ste. 800
Long Beach, CA 90802
Phone number (562) 279-7924
Fax number (562) 279-7925

Attorney for Debtor
Sylvia Montoya

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISON

| | |
|---|---|
| In re:<br>Sylvia Montoya<br><br>    Movant,<br><br>v.<br><br>Sol Schaller Trust and Gloria Bruce trust,<br><br>    Respondents. | Case No.: 2:12-bk-47612-WB<br><br>**Chapter 13**<br><br>NOTICE OF HEARING ON DEBTOR'S OBJECTION TO SOL SCHALLER'S PROOF OF CLAIM FILED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ATTORNEY CAROLINE S. KIM<br><br>DATE: 06/12/2013<br>TIME: 01:30 PM<br>CTRM:1375 13th FL |

TO THE HONORABLE JUDGE JULIA W. BRAND, CHAPTER 13 TRUSTEE, SOL SCHALLER and its counsel, and all other interested parties:

    PLEASE TAKE NOTICE that Sylvia Montoya ("Debtor") objects to Proof of Claim ("POC") filed by Sol Schaller in the amount of $326,904.29, Claim No. 64. Debtor seeks to disallow this claim.

    Please take notice that a hearing on this objection will be held before the Honorable Julia W. Brand on June 12, 2013, Ctrm 1375, 13th Fl, located 255 East Temple Street, Los Angeles, CA 90011.

*Pursuant to Local Bankruptcy Rule 9013-1(7)* any opposition to this Motion must be filed and served on debtors and debtors' counsel no later than fourteen (14) days prior to the above hearing date. Failure to file and serve a timely response to this Motion may result in a waiver of your right to oppose the Motion and the Court may grant the requested relief without further notice to you.

Dated: April 23, 2013

_____
Caroline S. Kim
Attorney for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court has jurisdiction to hear this matter pursuant to *28 U.S.C. sections 157 and 1334*. Sylvia Montoya, the debtor, in this Chapter 13 case, is interested party and has standing to bring this Motion.

## I. FACTS

This case was commenced by a conversion to a voluntary petition under Chapter 13 of the Bankruptcy Code (11 U.S.C.) on December 18, 2012. At that time of the conversion, Debtor owned a restaurant called Poloma Room. Debtor entered into a commercial lease with Sol Schaller on February 22, 2012 for five years. Debtor and the co-owners were to pay $6000.00 a month plus annual property taxes. Debtor stated her intention to assume the lease on Schedule G of her Chapter 13 Petition. Scheduled G was filed on January 08, 2013 which stated that she intends to assume the lease with Sol Schaller. See Declaration of Caroline Kim as marked and attached as Exhibit "1." Since then, Creditor Sol Schaller did not reject the assumption of the lease. Debtor has made all post-petition rent that has come due.

Sol Schaller filed a proof of claim ("POC") on February 15, 2013 for $367,148.80 (Claim No. 2) without any detailed accountings of how the damages were calculated. Further, the POC assumes that debtor is surrendering the property. Sol Schaller also demands damages that are excessive and not allowed per the lease contract signed in February 2012. Marked and incorporated as Exhibit "2" is a true and accurate copy of POC Claim No. 2. On March 27, 2013, Sol Schaller filed Amended POC. In it, it claimed $326,904.29. Marked and incorporated as Exhibit "3" is a true and accurate copy of Amended POC. Like the first POC filed, it also assumes that Debtor is surrendering the real estate or the lease has been rejected. Like the first one, it claims excessive and unfounded damages. Further, the lease does permit them to claim the damages even if the Debtor were to surrender the property. As a result, Debtor requests that

3

court disallow the POC in entirety with the exception of the prepetition arrears due in the amount of $40,000.00.

## II. PURSUENT TO 11 USC SECTION 365(d)(3), DEBTOR HAS ASSUMED THE LEASE WITHIN 60 DAYS AFTER THE ORDER FOR RELIEF.

*11 U.S.C. Sections 365(d)(3) and 365(d)(4)* provides a landlord with a procedure for compelling a tenant to choose either to make the payments due under the lease or to reject the lease and to surrender the property to the landlord. *In re PCH Assoc.*, 949 F.2d 585, 591, 598 (2d Cir.1991). In the instant case, Debtor has chosen to assume the lease and continue to make the monthly payments. See Scheduled G attached to Exhibit "1." Debtor has made all post-petition rent that has come due.

## III. THE ALLEGED LEASE TERMINATION DAMAGES DOES NOT APPLY AS THERE WAS NO LEASE TERMIANTION IN THIS CASE.

In the event Debtor rejects the lease under bankruptcy law, the lessor becomes entitled to the lease termination damages specified under 11 U.S.C. Section 502(b)(6). The code provides the following:

> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
> (i) the date of the filing of the petition; and
> (ii) the date on which such lessor repossessed, or the lessee *surrendered*, the leased property; plus
> (B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

In this case, Debtor nor the landlord, Sol Schaller, has terminated the lease. As a result, Section 502(b)(6) has no application in this case. As a result, Court should disallow the Amended Proof of Claimed with exception of the pre-petition arrears in the amount of $40,000.00. The pre-petition arrears are provided in the plan.

## IV. EVEN IF THERE WAS A TERMIANTION OF THE LEASE, THE AMOUNT OF ALLEGED DAMAGES ARE NOT BASED ON THE CONTRACT BUT FABRICATED AND IT IS FILED IN BAD FAITH.

The amended Proof of Claim of Sol Schaller is filed in bad faith. The proof of claim seeks acceleration of rents due for the entire duration of the lease, which is five years. Section 502(6)(B) provides that Lessor may claim for unpaid rent due under the lase but may not claim accelerated rent unless there is an acceleration clause in the contract. On the "Explanation of Creditor's Proof of Claim" Sol Schaller's Amended POC filed on March 27, 2013, it seeks all future rents and property taxes for the next four years. This includes 10% interest as well. However, the lease does not state that each party can collect accelerated rent and property taxes upon termination of lease. It states that a party may collect 10% interest on the arrears ONLY. See lease attached to Exhibit "1."

Furthermore, Sol Schaller seeks non-existent Brokerage Commission of $10,800.00. This is 5% brokerage fee of the annual rent due for the next three years ($6000.00 multiplied by 12 months). Further, it claimed that Debtor owes for the 10% interest for the rent due for next three years. However, the contract does not state that a party can claim that. It states that landlord may charge 10% on the default amount. See lease attached to the attorney declaration, Exhibit "1."

Further it claims ridiculously a high fabricated amount of $154,750.00 for refitting space for rental. However, the lease states that in the event of breach "...Tenant shall be also be responsible for lost rent, rental commissions, advertising expenses, and painting costs necessary to ready Premises for re-rental." See page 3 of the lease attached to Attorney Declaration Exhibit "1." Sol Schaller does not provide any basis for the claimed amount. But they simply throw a

random number that sounds good to get a windfall gain from Debtor's bankruptcy. This Proof of Claim is filed in bad faith.

It further claims attorney fees in the amount of $14,516.00 without any detailed accounting of services rendered. It further claims the future property taxes on the property that is not due yet. It also wants 10% on the property taxes that have not come due. First of all, they have no standing to claim the amount unless they have paid the property taxes that came due, which they have not done.

Sol Schaller seeks to modify and change the contract unilaterally after the fact. The lease nowhere states that debtor is required to pay the property taxes, rent, non-existent brokerage fee, and 10% interest on the claims that are not due. Sol Schaller seeks to unilaterally change the terms of the contract and seek to gain a windfall from Debtor's bankruptcy. Court should disallow their proof of claim in entirely as it is filed in bad faith.

WHEREFORE, Debtor prays, while reserving its rights to amend its' Objection should the Proof of Claim be amended, be disallowed in their entirely and further relief as the Court may deem just and proper.

Dated: April 23, 2013

_____
Caroline S. Kim
Attorney for Debtor

6

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 444 West Ocean Blvd., Ste. 800, Long Beach, CA 90802.

On 04/23/2013 I served the foregoing document described as NOTICE OF HEARING ON DEBTOR'S OBJECTION TO SOL SHELLER'S PROOF OF CLAIM FILED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ATTORNEY CAROLINE S. KIM

**SEE ATTACHED**

[x] To be served by court via notice of electronic filing ("NEF") - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 04/23/2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Chapter 13 Trustee, Nancy Curry: ecfnc@trustee13.com
US Trustee, ustpregion16.la.ecf@usdoj.gov

[x] by placing [ ] the original [x] a true copy thereof enclosed in a sealed envelope addressed to each addressee as stated on the attached service list

Honorable Vincent Julia W. Brand
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

Nicole Waters, Esq. (attorney for Sol Schaller Trust and Gloria Bruce Trust)
2034 Beverly Glen Circle, Ste. 440
Los Angeles, CA 90077

Executed on at Long Beach, California

[x] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Caroline S. Kim
Type or Print Name                    Signature

**Service List**

ASCAP
PO Box 331608-7515
Nashville, TN 37203

California Business Bu
Attention: Bankruptcy
Po Box 5010
Monrovia, CA 91017

Cmre Financial Services Inc
3075 E Imperial Hwy
Suite 200
Brea, CA 92821

Commercial Waste Services Inc.
PO Box 820
Montebello, CA 90640

Ic Systems Inc
Po Box 64378
St. Paul, MN 55164

La Fcu
300 S Glendale Ave
Glendale, CA 91205

Lvnv Funding Llc
Po Box 740281
Houston, TX 77274

Progressive Manageme
Po Box 2220
West Covina, CA 91793

Sol Schaller & Gloria Bruce Trust
14044 Ventura Blvd., Ste. 201
Sherman Oaks, CA 91423

Southern CA Edision
PO Box 300
Rosemead, CA 91722

Travelers
PO Box 660317

Dallas, TX 75266